## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

_____

|  |  |  |
|---|---|---|
| | ) | |
| **MID CONTINENT STEEL & WIRE, INC.** | ) ) ) | |
| | ) | **Court No.  15-00213** |
| Plaintiff, | ) | |
| | ) | **Before:** |
| v. | ) | |
| | ) | |
| **UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT

Plaintiff Mid Continent Steel & Wire, Inc. ("Plaintiff"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1.     Plaintiff brings this Complaint to contest portions of the U.S. Department of Commerce's ("Commerce") final determination in the original antidumping duty investigation in *Certain Steel Nails From Taiwan*.  Commerce's final determination was published in the Federal Register on May 20, 2015.  *See Certain Steel Nails From Taiwan: Final Determination of Sales at Less Than Fair Value*, 80 Fed. Reg. 28,959 (May 20, 2015) ("*Final Determination*").  The antidumping duty order implementing the *Final Determination* was published in the *Federal Register* on July 13, 2015.  *See Certain Steel Nails From the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 80 Fed. Reg. 39,994 (July 13, 2015) (the "*Order*").

1

**JURISDICTION**

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under 19 U.S.C. §§ 1516a(a)(2)(B)(i),  1516a(d), and 28 U.S.C. § 2631(c).

**STANDING**

3.      Plaintiff is a producer of the domestic like product in the United States.  As such, Plaintiff is an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(C), and 28 U.S.C. § 2631(k)(l ).  In addition, Plaintiff participated in the administrative proceeding that is the subject of this challenge and, accordingly, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF ACTION**

4.      Plaintiff commenced this action by filing a Summons on August 6, 2015, within thirty days after the date of publication of the *Order* implementing the *Final Determination* in the antidumping duty investigation.  Plaintiff is filing this Complaint within thirty days after filing of the Summons.  The Summons and Complaint therefore are timely filed pursuant to 19 U.S.C. § 1516a(a)(2) and pursuant to Rules 3(a)(2) and 6(a) of this Court.

**HISTORY OF THE ADMINISTRATIVE PROCEEDING**

5.      On March 29, 2014, Plaintiff filed Petitions seeking the initiation of antidumping and countervailing duty investigations concerning imports of certain steel nails from seven countries:  Korea, India, Malaysia, Oman, Taiwan, Turkey and Vietnam.  By notice published in the Federal Register on June 25, 2015, Commerce initiated antidumping and countervailing duty investigations into imports from each of the seven countries.  *See Certain Steel Nails From India, the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Countervailing Duty Investigations*, 79 Fed. Reg. 36,014 (June 25, 2014); *Certain Steel Nails From*

*India, the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, the Republic of Turkey, and the Socialist Republic of Vietnam: Initiation of Less-Than-Fair-Value Investigations*, 79 Fed. Reg. 36,019 (June 25, 2014).

6.      The United States International Trade Commission ("ITC") rendered an affirmative preliminary determination concerning imports from five of the seven countries, including Taiwan. With respect to imports from India and Turkey, the ITC rendered a negative preliminary injury determination, finding that the volume of imports from the countries was, as a matter of law, "negligible" for purposes of 19 U.S.C. § 1677(24). As the result of the ITC's determination, the investigations concerning these two countries were terminated.

7.      Commerce's AD investigation of Taiwanese imports individually examined imports from two Taiwanese exporters and their related producers. By notice published December 29, 2014, Commerce preliminarily determined that neither Taiwanese respondent had engaged in dumping during the period of investigation. *See Certain Steel Nails From Taiwan: Negative Preliminary Determination of Sales at Less Than Fair Value and Postponement of Final Determination*, 79 Fed. Reg. 78,053 (Dec. 29, 2015).

8.      Following verification and briefing, Commerce published its final determination on May 20, 2015. *Certain Steel Nails From Taiwan: Final Determination of Sales at Less Than Fair Value*, 80 Fed. Reg. 28,959 (May 20, 2015). In contrast to the negative preliminary determination, in its final determination Commerce found that one of the Taiwanese respondents, PT Enterprise, Inc. (and its affiliated producer, Pro-Team Coil Nail Enterprise, Inc. ("Pro-Team")) had engaged in dumping during the period of investigation, calculating a final margin of 2.24 percent.

9.      Following an affirmative final determination by the ITC that imports of certain steel nails from the five countries under investigation were a cause of present material injury to the U.S. industry, on July 13, 2015, Commerce published AD orders covering imports from Taiwan, Korea, Malaysia, Oman

and Vietnam.  *See Certain Steel Nails From the Republic of Korea, Malaysia, the Sultanate of Oman, Taiwan, and the Socialist Republic of Vietnam:  Antidumping Duty Orders*, 80 Fed. Reg. 39,994 (July 13, 2015).  Commerce also imposed a countervailing duty order on imports of subject merchandise from Vietnam.  *See Certain Steel Nails From the Socialist Republic of Vietnam: Countervailing Duty Order*, 80 Fed. Reg. 41,006 (July 14, 2015).

## COUNT I

10.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9 above.

11.     Among the issues actively litigated before Commerce was whether PT's affiliated producer, Pro-Team, should be considered affiliated with certain of its suppliers for purposes of considering whether to disregard certain transactions pursuant to Section 773(f)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1677b(f)(2).  The record evidence, consisting of both public information and business proprietary information released under Administrative Protective Order, provided substantial evidence that Pro-Team was affiliated, for purposes of analyzing the respondent's input costs, with certain suppliers of goods and services used to produce subject merchandise.

12.     In comments filed prior to the preliminary determination and again in its case brief filed pursuant to 19 C.F.R. § 351.309, Plaintiff argued that Commerce should find that the respondent and the suppliers were affiliated for purposes of the antidumping analysis and for purposes of analyzing whether to disregard certain transactions.  In the preliminary determination, and again in the final determination, Commerce determined that Pro-Team was not affiliated with its suppliers, and accordingly did not engage in analysis of whether the transactions between and among these parties should be disregarded.

13.     Commerce's determination that Pro-Team was not affiliated with its suppliers for purposes of the antidumping analysis is unsupported by substantial evidence and otherwise not in accordance with law.

4

**REQUEST FOR JUDGMENT AND RELIEF**

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)      Hold that Commerce's *Final Determination* is not in accordance with law and is not supported by substantial record evidence with respect to the claim advanced by Plaintiff in this Complaint;

2)      Remand the *Final Determination* to Commerce for disposition consistent with the Court's final opinion; and

3)      Provide any other such relief that this Court deems just and appropriate.


Dated:  September 4, 2015                    /s/ Adam H. Gordon
                                             Adam H. Gordon
                                             **THE BRISTOL GROUP PLLC**
                                             1050 17th Street, N.W.
                                             Suite 600
                                             Washington, DC 20036
                                             T:  (703) 593-6191
                                             E:  adam.gordon@bristolgrouppllc.com

**PUBLIC CERTIFICATE OF SERVICE**
**MID CONTINENT STEEL & WIRE, INC. v. UNITED STATES**
**COURT NO. 15-00213**

I, Adam H. Gordon, hereby certify that a copy of the foregoing Complaint was served this 4th day of September, 2015, by certified U.S. mail, return receipt requested, on the following parties:

**On behalf of the United States:**
Mikki Cottet, Esq.
Commerical Litigation Branch - Civil Division
**U.S. DEPARTMENT OF JUSTICE**
1100 L Street NW, Room 11066
Washington, DC 20005

**On behalf of Progressive Steel & Wire, LLC, PT Enterprise Inc., Pro-Team Coil Nail Enterprise Inc., Quick Advance Inc., Ko's Nail Inc., Unicatch Industrial Co., Ltd., WTA International Co., Ltd., Zon Mon Co., Ltd., Hor Liang Industrial Corporation, President Industrial Inc., and Liang Chyuan Ind. Co., Ltd.:**
Bruce M. Mitchell, Esq.
**GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP**
1201 New York Avenue, NW, Suite 650
Washington, DC 20005

**On behalf of Romp Coil Nail Industries Inc.:**
Edmund W. Sim, Esq.
**APPLETON LUFF PTE. LTD.**
1025 Connecticut Avenue, NW, Suite 1000
Washington, DC 20036

**On behalf of Illinois Tool Works Inc. and ITW Paslode:**
Richard P. Ferrin, Esq.
**DRINKER BIDDLE & REATH LLP**
1500 K Street, NW
Washington, DC 20005

**On behalf the Home Depot and Target Corporation:**
Marguerite Trossevin, Esq.
**JOCHUM SHORE & TROSSEVIN PC**
1100 H Street NW, Suite 410
Washington, DC 20005

**On behalf of IKEA Supply AG:**
Kristen Smith, Esq.
**SANDLER, TRAVIS & ROSENBERG, PA**
1300 Pennsylvania Ave NW
Suite 400
Washington, DC 20004

/s/ Adam Henry Gordon
Adam Henry Gordon
**THE BRISTOL GROUP PLLC**
*Counsel to Mid Continent Steel & Wire, Inc.*